IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JUSTIN MICHAEL WILSON,

       Movant,

v.                                                                                    CASE NO. 3:22-0077
                                                                                     CASE NO. 3:18-00146

UNITED STATES OF AMERICA,

       Respondent.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On October 11, 2024, the Magistrate Judge submitted findings of fact and recommended that Movant Michael Justin Wilson's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, be denied and this action be dismissed from the Court's docket. *Finding and Recommendation* (PF&R), at 13-14, ECF No. 159. On November 4, 2024, Movant filed his Objections to Proposed Findings and Recommendation. ECF No. 162. For the following reasons, the Court **DENIES** the objections.

In his Objections, Movant does not contest the factual and procedural history contained in the PF&R, and the Court adopts and incorporates the same into this Memorandum Opinion and Order. Nevertheless, to recap some of the relevant history for purposes of review, the Court observes Movant was indicted on July 10, 2018, to the following five counts: Count One for carjacking, in violation of 18 U.S.C. § 2119; Count Two for using, carrying, and brandishing a

machinegun during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and (B)(ii); Count Three for possessing an unregistered machinegun, in violation of 26 U.S.C. §§ 5861(d) and 5871; Count Four for possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2); and Count Five for unlawfully possessing a machinegun, in violation of 18 U.S.C. §§ 922(o) and 924(a)(2).

During pretrial proceedings and trial, Movant was represented by George H. Lancaster, Jr., an Assistant Federal Public Defender.[1] Over nine months after Mr. Lancaster began his representation, he filed a motion for a bench trial on Movant's behalf. On May 1, 2019, the Court held a hearing on the motion. At the hearing, the Court asked a series of questions and determined Movant was competent to waive his right to a jury trial. *Tr. of Pretrial Mot. Hr'g* (May 1, 2019), at 3, ECF No. 133. Movant also affirmed he understood his constitutional right to a jury trial, it was possible a jury might not convict him, and his waiver would mean that the Court, rather than jurors, would determine his guilt or innocence based upon the evidence. *Id*. at 5-6. Thereafter, Movant executed a Waiver of Trial by Jury. *Id.* at 8; *Executed Waiver of Trial*, ECF No. 67.

Later that same day, Movant filed a Motion to Schedule a Guilty Plea to Counts Three and Five of the Indictment. ECF No. 69. On May 6, 2019, the Court held a hearing on that motion. *Tr. of Plea Hr'g*, ECF No. 130. During that hearing, the Court inquired whether a plea agreement was offered to Movant. Both Mr. Lancaster and the Assistant United States Attorney

---

[1] At trial, Assistant Federal Public Defender Rhett H. Johnson served as co-counsel with Mr. Lancaster. Following trial, Mr. Lancaster took a position with another Federal Public Defender's Office and withdrew as counsel in this case. Mr. Johnson represented Movant at Sentencing.

replied that plea discussions occurred but, in the end, the Government refused to offer an agreement. *Id*. at 3-4. The Court directly asked Movant whether he and his counsel discussed this situation and if he understood it. *Id*. at 4-5. Movant stated he did and wanted to plead guilty without an agreement. *Id*. at 5.

The Court proceeded with the plea hearing, fully explaining the charges in Counts Three and Five and the elements the Government would have to prove for those offenses. *Id.* at 6-8. Movant again stated he understood, and he further said he was aware that he faced a possible combined term of imprisonment of up to twenty years for his guilty pleas to the Counts Three and Five. *Id.* at 6-8, 14. Ultimately, the Court found Movant competent, he understood the charges and consequences of pleading guilty, he understood the rights he was giving up, his plea was voluntary, and there was a sufficient factual basis for his guilty pleas. *Id*. at 20. Subsequently, the Court found Movant guilty of Count Three for possessing an unregistered machinegun and Count Five for unlawfully possessing a machinegun.

The next day, the Court held a bench trial on Count One for carjacking and Count Two for using, carrying, or brandishing a machinegun in furtherance of a crime of violence. *Tr. of Bench Trial*, (May 7, 2019), ECF No. 82.[2] At the conclusion of the hearing, the Court found Movant guilty of both counts. Thereafter, Movant moved for a new trial, which was denied by the Court on September 19, 2019.

---

[2]On the morning of trial, Count Four was dismissed by the United States. *Id.* at 1-2.

On September 25, 2019, the Court held a Sentencing Hearing. At the hearing, the Court imposed the mandatory minimum sentence of 360 months imprisonment as to Count Two. Finding the mandatory minimum was more than sufficient to meet the objectives of sentencing, the Court granted Movant a significant downward variance to one-day terms of imprisonment as to Counts One, Three, and Five, to run concurrently with one another. *Tr. of Sent'g Hr'g*, at 13-15, ECF No. 131; *J. Order*, at 3, ECF No. 117. The Court also ordered Movant's sentence to run concurrent with his undischarged state sentence. *J. Order*, at 3.

Thereafter, Movant filed a direct appeal to the United States Court of Appeals for the Fourth Circuit. *United States v. Wilson*, 838 F. App'x 750 (4th Cir. 2020) (unpublished). On appeal, Movant argued "he lacked the required intent to cause harm to the carjacking victims" and "the prosecution improperly withheld oral statements of key witnesses in violation of *Giglio v. United States*, 405 U.S. 150 (1972)." *Id*. at 751. The Fourth Circuit rejected both arguments and affirmed this Court's decision. *Id*.

Movant then filed the instant § 2255 motion claiming ineffective assistance of counsel. In the PF&R, the Magistrate Judge found Movant failed to meet the prejudice prong under *Strickland v. Washington*, 466 U.S. 668 (1984). *PF&R*, at 13. Therefore, the Magistrate Judge recommended that the § 2255 motion be denied, to which Movant objects. Upon *de novo* review,[3] the Court finds the objections to be without merit.

---

[3] *See* 28 U.S.C. § 636(b)(1), in part ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

In his Objections, Movant first argues that the Magistrate Judge placed too much weight on the statements he made during his Rule 11 plea colloquy under the presumption of verity. Specifically, Movant argues the presumption should not override the necessity to investigate his counsel's conduct and to hold an evidentiary hearing on his claim of ineffective assistance of counsel. However, as recognized by the Magistrate Judge, Movant's statements made under oath during a plea hearing "carry such a strong presumption of verity, that 'they present a formidable barrier in any subsequent collateral proceedings.'" *Id.*, at 10 (quoting *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (other citation omitted)). Unless extraordinary circumstances exist, "allegations in a § 2255 motion that directly contradict a defendant's sworn statements made during a properly conducted Rule 11 colloquy are considered 'palpably incredible' and 'patently frivolous or false.'" *Id.* (quoting *Lemaster*, 403 F.3d at 221).

Here, Movant states the PF&R does not adequately address his counsel's failure to adequately investigate his case, to properly advise him and inform him about his potential sentencing exposure between entering a guilty plea and having a bench or jury trial, to explain to him the *mens rea* requirement for the carjacking charge, and to negotiate a favorable plea agreement or to explore all his viable options. However, as recognized by the Magistrate Judge, Movant has not offered any evidence to support these assertions other than his own self-serving statements.

In response to this motion, Mr. Lancaster submitted an affidavit detailing his communications with Movant and the actions he took in this case. *Aff. of George H. Lancaster, Jr.* (Apr. 22, 2022), ECF No. 150. In his affidavit, Mr. Lancaster states that he met with Movant

several times and had "numerous telephone conversations with [him]." *Id*. Mr. Lancaster stated he personally was involved in interviewing witnesses and he used "an investigator in the Federal Public Defender's Office to conduct all necessary investigation." *Id.* at 2. Mr. Lancaster also attested that he thoroughly discussed with Movant, *inter alia*, the charges against him, the Government's burden of proof as to those charges, the evidence against him, possible defenses, the investigation conducted by the Federal Public Defender's Office, the thirty-year mandatory minimum penalty on Count Two and the potential penalties as to the offenses, application of the Sentencing Guidelines, trial strategy, and the Government's unwillingness to offer him a plea agreement. *Id*. at 1-2.[4] The Court finds Mr. Lancaster's affidavit is consistent with the statements and representations Movant made at his plea hearing and at the pretrial hearing in which he waived his right to a jury trial. Upon review, the Court agrees with the Magistrate Judge that Movant has failed to produce any evidence that substantiates his assertions and has not shown the necessity for an evidentiary hearing on any of these issues.

Movant further claims the Magistrate Judge erred by not permitting an investigation into whether he could have received a more lenient plea deal. Movant suggests he might have

---

[4]In sum, Mr. Lancaster stated:

> I believe that [Movant] was fully aware of the nature of the charges, each of the elements of all the offenses charged, the evidence against him, possible defenses to each of the charges and what evidence or argument would be offered in support of any such defense, the investigation we conducted into the charges, the Government's burden of proof, the risks associated with pleading guilty or going to trial on some or all of the charges, the maximum and minimum applicable penalties, and any likely sentencing issues.

*Id.* at 2.

changed his mind about going to trial on Counts One and Two if one was obtained. However, as recognized by the Magistrate Judge, both Mr. Lancaster and the Assistant United States Attorney represented that the Government was unwilling to offer Movant a plea deal. Despite defense counsel's efforts, the Government's decision was no deal, which was outside defense counsel's control. Movant has offered no evidence to the contrary. Thus, the Court rejects his argument the Magistrate Judge erred by not directing a further investigation into the matter.

Additionally, Movant argues his counsel was ineffective by recommending he pursue a bench trial rather than a jury trial. Although not expressly set forth in his Objections, Movant argues in his original motion there is a possibility that a jury may have found him not guilty. *See Mem. of Law in Supp. of § 2255 Mot.*, at 19, ECF No. 146. As found by the Magistrate Judge, however, Movant's argument is pure speculation and conjecture. *PF&R*, at 12. Moreover, as previously mentioned, the Court held a hearing on Movant's decision to waive his right to a jury trial, and Movant stated he understood his rights and the possibility a jury might not convict him. Nevertheless, he chose to proceed to a bench trial. Therefore, the Court finds Movant's argument without merit.

Lastly, Movant argues the Magistrate Judge erred in finding his counsel's trial strategy was objectively reasonable. Movant insists he should not have to show that, but for counsel's errors, he would have succeeded at trial. However, the Magistrate Judge fully and properly explained and applied the *Strickland* standard. Consequently, the Court finds no error.

Accordingly, having reviewed Movant's Objections and conducted a *de novo* review, the Court **ADOPTS** and **INCORPORATES** herein the Magistrate Judge's Proposed Findings and Recommendation, **DENIES** Movant's objections, **DISMISSES** the Petition for Writ of Habeas Corpus made pursuant to 28 U.S.C. § 2255, and **DISMISSES** this action from the docket of the Court.

Additionally, the Court has considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Honorable Dwane L Tinsley, United States Magistrate Judge, counsel of record, and any unrepresented parties.

ENTER: January 30, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE